UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOROTHY TALLEY VIALPANDO and GABRIEL VIALPANDO,<br><br>    Plaintiffs,<br><br>v.<br><br>STRYKER CORPORATION and STRYKER SALES CORPORATION,<br><br>    Defendants. | 2:10-cv-0028-LDG-PAL<br><br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs Dorothy and Gabriel Vialpando ("Plaintiffs") filed a complaint that alleges injuries arising from the use of a prescription infusion pump device ("pain pump") manufactured by Stryker Corporation and Stryker Sales Corporation ("Defendants"). Plaintiffs seek punitive damages based on Defendants' allegedly malicious and fraudulent conduct. Defendants' Rule 12(b)(6) motion to dismiss (#9) (Response #17, Reply #19) argues that Plaintiffs' Complaint fails to state a claim upon which punitive damages can be granted.

### I. Background

The court will assume that all of Plaintiffs' well-pleaded factual allegations are true. Defendants manufacture a pain pump that distributes pain medication to specific areas of the body. Compl. ¶ 6, ECF No.1. Defendants have represented that their pain pumps are appropriate for use in or near the shoulder joint, *id.* ¶ 11, although Defendants know that the pain pump has not been cleared for use in that specific joint space by the Food and Drug Administration ("FDA"), *id.* ¶ 12. The FDA denied Defendants' request to approve the use of the pain pump in the shoulder joint space because Defendants lacked safety data. *Id.* Furthermore, "Stryker failed to conduct

meaningful studies to determine the toxicity of its pain pumps to human cartilage when used with anesthetic medications in the joint space." *Id.* ¶ 13.

In 2006, Mrs. Vialpando underwent shoulder surgery in Las Vegas, *id.* ¶ 18, and after surgery, her shoulder joint was treated with the pain pump manufactured by Defendants, *id.* ¶ 19. Defendants did not warn Mrs. Vialpando or her surgeon that the pain pumps were not FDA approved for use in the joint space, *id.* ¶ 15, or that there were "unreasonable risks and dangers of using the pain pump" in the joint space, *id.* ¶¶ 15-16. Finally, Mrs. Vialpando has suffered and continues to suffer injury to her shoulder, *id.* ¶ 21, and the pain pump caused the injury, *id.* ¶ 25.

Plaintiffs filed their Complaint on January 8, 2010, seeking compensatory and punitive damages. Defendants filed their motion to dismiss Plaintiffs' claim for punitive damages on April 28, 2010. Defendants do not seek to dismiss any of Plaintiffs' causes of action. Plaintiffs have alleged that Defendants' acts and omissions "are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." *Id.* ¶ 69. Defendants argue that Plaintiffs' prayer for punitive damages should be dismissed because they failed to allege specific facts to show that Defendants acted with malice, fraud, or oppression, as is required for pursuing punitive damages.

**II. Analysis**

A motion to dismiss may be granted when a plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When resolving a motion to dismiss, the court must "accept all well-pleaded factual allegations as true." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). "A well pleaded complaint may proceed even if . . . proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.*

2

Punitive damages are appropriate when the "defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005.

> 'Fraud' means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or to otherwise injure another person. 'Malice,' express or implied, means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others. 'Conscious disregard' means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid those consequences.

*Id.* § 42.001.

Plaintiffs' Complaint contains several well pleaded facts sufficient to state a claim of fraud, malice or oppression by Defendants and therefore states a claim that satisfies Rule 12(b)(6). Plaintiffs have alleged several facts that, if true, show that Defendants' acts and omissions "are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." Compl. ¶ 69. Because Plaintiffs' allegations are taken as true, and because the claims allege fraudulent or malicious conduct, they successfully lay a claim for punitive damages. Plaintiffs' Complaint therefore survives Defendants' Motion to Dismiss.

### III. Conclusion

For the reasons stated above,

THE COURT HEREBY ORDERS that Defendant's motion to dismiss is DENIED.

Dated this ___18___ day of March, 2011.

_____
Lloyd D. George
United States District Judge

3